UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YOLANDA JOHNSON,

   Plaintiff,

v.                CASE NO. 3:15-cv-975-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

   Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for supplemental security income ("SSI"), alleging disability beginning March 3, 2009. (Tr. 179.)  A hearing was held before the assigned Administrative Law Judge ("ALJ") on January 23, 2014, at which Plaintiff was represented by an attorney. (Tr. 30-71.)  The ALJ found Plaintiff not disabled since February 13, 2012, the date the application was filed. (Tr. 11-22.)

In reaching the decision, the ALJ found that Plaintiff had "the following severe impairments: lymphoma in remission, osteoarthritis, Crohn's disease, gastroesophageal reflux disease (GERD), obesity, and an affective mood disorder." (Tr. 13.)  The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work. (Tr. 15.)  After finding

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 19, 21.)

that Plaintiff had no past relevant work, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  (Tr. 20-21.)

Plaintiff is appealing the Commissioner's decision that she was not disabled since February 13, 2012.  Plaintiff has exhausted her available administrative remedies and the case is properly before the Court.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **AFFIRMED**.

**I.      Standard**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th

Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.  Discussion

Plaintiff raises three issues on appeal. First, Plaintiff argues that in determining her RFC, the ALJ failed to weigh and adequately consider the opinions of her treating physicians, Dr. J. Wynn Sullivan, Dr. Cordero, Dr. Howard Sullivan, and the practitioners at Family Medical & Dental Center/Azalea Health. Specifically, with respect to Dr. Wynn Sullivan, Plaintiff argues that the ALJ failed to weigh his opinions in the questionnaire and the progress notes, including his notations of Plaintiff's delayed nausea and fatigue, which were side effects of the chemotherapy, and continuing night sweats and fatigue, and that the ALJ failed to include Dr. Sullivan's opinion that Plaintiff must get up and move around every hour for 15 minutes in the RFC assessment. Second, Plaintiff argues that the ALJ improperly relied on the testimony of the Vocational Expert ("VE") because his hypothetical question did not adequately reflect all of Plaintiff's limitations. Finally, Plaintiff argues that the ALJ erred in finding her "not entirely credible" when the record "clearly reveals" that she "suffered from documented impairments causing significant limitations," and that the ALJ's alleged failure to

3

make accurate and specific findings regarding Plaintiff's credibility amounted to a failure to develop a full and fair record.  (Doc. 25 at 22.)

The Court does not find any reversible error.  First, although Plaintiff argues that the ALJ did not weigh the opinions of Dr. Wynn Sullivan, it appears that the ALJ gave Dr. Sullivan's opinions significant weight.  (*See* Tr. 20 ("Significant weight is given to these opinions, as they are consistent with each other and are consistent with the other objective medical evidence of record which establishes that while the claimant has limitations as a result of her impairments, these limitations are not disabling in nature and do not completely preclude her from performing all basic work activities.").)

Plaintiff also argues that the ALJ failed to include in the RFC assessment Dr. Wynn Sullivan's opinion that Plaintiff must get up and move around every hour for 15 minutes, which was included in the Cancer Impairment Questionnaire he completed on August 16, 2013.  (Tr. 808-14.)  The ALJ discussed and considered the opinions included in the questionnaire as follows:

> In this questionnaire, Dr. Sullivan opined that the claimant's cancer had not persisted, progressed, or recurred following antineoplastic surgery.  Dr. Sullivan further opined that she could sit for 4 hours and stand/walk for 3 hours in an 8-hour day, could frequently lift and carry up to 20 pounds and occasionally lift and carry more than 20 pounds, and was capable of tolerating moderate work stress.  Her symptoms would periodically interfere with her attention and concentration, and she would be absent from work less than once a month as a result of her impairments or treatment[.]

(Tr. 18 (citing Tr. 808-14).)  Dr. Sullivan also opined that Plaintiff must get up and

move around every hour for 15 minutes. (Tr. 811.) Although it does not appear that the ALJ discussed this part of Dr. Sullivan's questionnaire, the ALJ was not required to refer to every piece of evidence in his decision. Importantly, however, the ALJ apparently considered this evidence because he noted in the RFC assessment that Plaintiff must "have the option of performing job duties either sitting or standing at will." (Tr. 15.)

Plaintiff further argues that the ALJ failed to weigh the medical records of Dr. Wynn Sullivan noting Plaintiff's delayed nausea and fatigue, as side effects of her chemotherapy, and night sweats,[2] as well as the opinions of Dr. Cordero, Dr. Howard Sullivan, and the practitioners at Family Medical & Dental Center/Azalea Health.[3] However, as Defendant points out, the notes by these doctors are not "medical opinions" because they do not reflect judgments about the nature and severity of Plaintiff's impairments, including her symptoms, diagnoses and prognosis, what she could still do despite her impairments, and her physical or mental restrictions. 20 C.F.R. § 416.927(a)(2). As such, the ALJ was not required to explicitly weigh these opinions. Also, as stated earlier, the ALJ was

---

[2] Of note, there are only minimal references in the record to side effects from treatment and Plaintiff denied any side effects at the hearing before the ALJ. (Tr. 48, 542, 924.)

[3] At Family Medical & Dental Center/Azalea Health, Plaintiff was treated almost exclusively by a nurse practitioner or a licensed clinical social worker (see Tr. 319-53, 428-32, 475-76, 723-52, 776-86, 834-73), which are not acceptable medical sources, as noted by the ALJ. (See Tr. 19 ("While the undersigned has considered this opinion and finds that it is consistent with the other evidence of record, it is noted that this opinion is not from an acceptable medical source within the regulatory definition . . . .").)

not required to refer to every piece of evidence in his decision.  In fact, it would have been nearly impossible to do so here because the record in this case is close to one thousand pages.  Moreover, Plaintiff does not show that these medical records are somehow inconsistent with the RFC assessment and/or that they support any additional limitations that have not been included in the RFC.

Plaintiff points to portions of the record, listing various diagnoses and/or symptoms, such as urge incontinence, ulcerative colitis, reflux esophagitis, Crohn's disease, lymphoma in remission, painful/abnormal gait, limited joint mobility, joint pain, stiffness, abnormal range of motion, swelling associated with decreased mobility, anxiety, depressive disorder, mild mental retardation, abnormal involuntary movements, nausea, fatigue, and some night sweats.  (Tr. 542, 629, 723, 725, 797-98, 834, 836, 852, 856, 915-16, 919, 924-25.)  However, Plaintiff does not explain how these diagnoses, symptoms, or side effects support greater restrictions than found by the ALJ.  The ALJ considered these symptoms and diagnoses (*see* Tr. 15-20), and found that Plaintiff had the RFC to perform light work with the following limitations:

> The claimant can balance, stoop, kneel, crouch, crawl, and climb ramps and stairs no more than occasionally.  The claimant can never climb ladders, ropes, and scaffolds.  The claimant must perform tasks which are simple, repetitive, and routine in nature.  The claimant must not have a production rate for pace of work, but must instead perform work which involves meeting goals.  The claimant must have only occasional interaction with co-workers and the general public.  The claimant must be exposed to only occasional changes in the work setting.  The claimant must also have the option

of performing job duties either sitting or standing at will.[4]

(Tr. 15.)

The ALJ explained:

> Upon review of the medical evidence set forth above, the undersigned finds that such evidence does not establish that the claimant's impairments are disabling in nature or prevent her from performing work in accordance with the [RFC] assessment set forth above.  Medical records establish that her lymphoma has resolved and her wound has closed.  Occasional groin pain is the only residual suggested by the evidence, and this is not indicated as being significant in nature.  While the evidence establishes a history of Crohn's disease and GERD which are productive of occasional abdominal pain, these impairments are not shown to produce limitations with a level of intensity and frequency that precludes the claimant from performing all basic work activities.  Likewise, while she has been seen for depression, the evidence does not establish that her symptoms are work-preclusive in nature, and her GAF scores have been suggestive of only moderate or mild impairment.  Further, the evidence indicates that she does not take any medications for psychological issues.

(Tr. 19; see also Tr. 20 ("A limitation regarding only occasional interaction with co-workers and the general public has been included to address the claimant's alleged incontinence issues.").)

The ALJ properly considered the evidence of record and his conclusions are supported by substantial evidence.  To the extent Plaintiff argues otherwise, the RFC assessment did not need to mirror or match the findings or opinions of

---

[4] When asked which of the representative occupations would allow for a sit/stand option at will, the VE testified that all of the representative occupations (addresser, table worker, marker II, egg candler, and route clerk) would allow for a sit/stand option.  (Tr. 68.)  The VE also testified that the positions of addresser, table worker, marker II, and call-out operator would allow for the use of a cane for ambulation.  (Id.)

any particular medical source because the responsibility for assessing the RFC rests with the ALJ. *Kopke v. Astrue*, 2012 WL 4903470, *5 (M.D. Fla. Sept. 26, 2012) (report and recommendation adopted by 2012 WL 4867423 (M.D. Fla. Oct. 15, 2012)).

Turning to Plaintiff's credibility argument, the Court finds that the ALJ provided explicit and adequate reasons for finding Plaintiff's credibility regarding the limitations allegedly imposed by her impairments "not fully supported by the evidence of record." (Tr. 19.) The ALJ explained:

> It is noted that [Plaintiff] worked only sporadically with minimal earnings prior to the alleged disability onset date, which is a factor in evaluating the credibility of her allegations that her current unemployment is due solely to her medical impairments. The evidence of record also demonstrates that she has the ability to perform some activities of daily living, as set forth above,[5] which are consistent with an ability to perform competitive work. The undersigned further notes that a prior unfavorable decision was issued on March 2, 2009. This decision was not appealed, and the evidence does not support a finding that she became disabled the next day as alleged in her current application. While these factors are not dispositive, they are considerations in evaluating the credibility of the claimant's allegation that her impairments preclude her from currently maintaining employment.

---

[5] With respect to Plaintiff's daily activities, the ALJ stated:
At the hearing, [Plaintiff] testified that she is able to do some cooking and she can shop for groceries if she uses a motorized cart. She is also able to do her own laundry, and she reads and does word searches and is able to use her phone to play games and research houses and cars. At her September 2012 consultative psychological examination, she reported needing assistance with dressing and bathing. She was able to do dishes and some laundry, and she could use a microwave oven. She used a motorized cart when shopping . . . .
(Tr. 14.)

(*Id.*)

As shown above, the ALJ provided explicit and adequate reasons for his credibility determination. Moreover, these reasons are supported by substantial evidence. (*See, e.g.*, Tr. 37-38, 52-54, 192.) Plaintiff does not even acknowledge the reasons provided by the ALJ for his credibility finding; as such, she does not argue that these reasons are not supported by substantial evidence. Because "credibility determinations are the province of the ALJ," *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005), "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court," *Foote*, 67 F.3d at 1562.

Because the Court finds that the ALJ's credibility determination and RFC assessment are supported by substantial evidence, Plaintiff's argument that the ALJ improperly relied on the testimony of the VE because his hypothetical question allegedly failed to adequately reflect all of Plaintiff's limitations, also fails. The ALJ was not required to include in the hypothetical question any limitations or opinions that he properly rejected. *See Crawford*, 363 F.3d at 1161 (stating that the ALJ is not required to include findings in the hypothetical question that the ALJ has properly rejected as unsupported by the record). Based on the foregoing, the Commissioner's decision is due to be affirmed.

**III.    Conclusion**

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  Based on this standard of review, the Court concludes that the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on February 15, 2017.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record